AO 91 (Rev. 11/11)  Criminal Complaint (approved by AUSA JOSEPH T. LABRUM III)                    #18-143

# UNITED STATES DISTRICT COURT
for the
Eastern District of Pennsylvania

| | |
|---|---|
| United States of America<br>v.<br>Elias Adames<br><br>*Defendant(s)* | Case No. 18-2008-M |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __December 13, 2018__ in the county of __Philadelphia__ in the __Eastern__ District of __Pennsylvania__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. Section 841(a)(1), (b)(1)(A) | Possession with intent to distribute 5 kilograms or more of cocaine |
| 21 U.S.C. Section 841(a)(1), (b)(1)(B) | Possession with intent to distribute 100 grams or more of heroin |

This criminal complaint is based on these facts:

On or about December 13, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant ELIAS ADAMES knowingly and intentionally possessed with intent to distribute 5 kilograms or more, that is, approximately 6 kilograms, of a mixture and substance containing a detectable amount of cocaine, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(A).

☑ Continued on the attached sheet.

*Complainant's signature*

James W. Crockett, Special Agent, DEA
*Printed name and title*

Sworn to before me and signed in my presence.

Date: December 14, 2018

*Judge's signature*

City and state: Philadelphia, Pennsylvania       Hon. Richard A. Lloret, United States Magistrate Judge
*Printed name and title*

On or about December 13, 2018, in Philadelphia, in the Eastern District of Pennsylvania, defendant ELIAS ADAMES knowingly and intentionally possessed with intent to distribute 100 grams or more, that is, approximately 500 grams, of a mixture and substance containing a detectable amount of heroin, in violation of Title 21, United States Code, Section 841(a)(1), (b)(1)(B).

## AFFIDAVIT

Your affiant, James Crockett, being duly sworn, deposes and states as follows:

## AFFIANT'S TRAINING AND EXPERIENCE

1. Your affiant, James Crockett, is a Special Agent with the Drug Enforcement Administration (DEA). I have been employed with the DEA since May 1, 2016. I am currently assigned to the DEA Philadelphia Field Division Task Force Group 51, which is composed of Special Agents and local law enforcement officers investigating illegal narcotics trafficking. Prior to becoming a Special Agent, I was Federal Air Marshal within the Department of Homeland Security/Transportation Security Administration for over four years. During that time I was assigned to the Newark Field Office.

2. As a Special Agent, I received specialized training from the DEA Academy located in Quantico, Virginia, regarding the investigation and identification of narcotics traffickers. I have conducted physical surveillance, debriefed confidential sources, and participated in the execution of search and arrest warrants.

3. As a part of my official duties, I investigate criminal violations of the federal narcotics laws including, but not limited to, Title 21, United States Code, Sections 841(a)(1), 843(b), 846, 848, 853, and 860. I received specialized training in the enforcement of laws concerning controlled substances and narcotics trafficking organizations.

4. By virtue of my employment as a Special Agent, I have performed various tasks, which include, but are not limited to:

   a. Functioning as a surveillance agent and thereby observing and recording movements of persons trafficking in drugs and those suspected of trafficking in drugs;

        b.      Participating in the tracing of monies and assets gained by drug traffickers from the illegal sale of drugs (laundering of monetary instruments);

        c.      Interviewing witnesses, cooperating individuals, and informants relative to the illegal trafficking of drugs and laundering of monetary instruments; and

        d.      Functioning as a case agent, which entails the supervision of specific investigations involving the trafficking of drugs and the laundering of monetary instruments.

5.      Through my training, education, and experience, I have become familiar with the manner in which persons involved in drug trafficking conceal in their vehicles caches of drugs, large amounts of currency, financial instruments, jewelry, other items of value, proceeds of drug transactions, and large sums of money derived from drug trafficking activities.

6.      In preparing this affidavit, I have conferred with other DEA Special Agents who have a combined experience of over 50 years as DEA Special Agents, and they share the opinions stated below. The information within this Affidavit is based upon my personal knowledge and observations, as well as information supplied to me by other Special Agents of the DEA and law enforcement personnel.

7.      Based on the facts set forth below, I have probable cause to believe that Elias Adames has committed violations of Title 21 U.S.C. § 841(a)(1) and 846 involving possession with intent to deliver more than five kilograms of a substance containing a detectable amount of cocaine and more than 100 grams of heroin.

### Reliability of Confidential Witnesses/Source of Information

### Confidential Witness 1

8.      The identity of Confidential Witness 1 (CW1) is known to your affiant and the information provided by CW1 has been reliable. Between August 2018 and December 2018,

CW1 provided information that has been corroborated by other independent sources. The information provided by CW1 has proven to be reliable and accurate. CW1 has provided information regarding other crimes, illegal drug trafficking, and money laundering. This information has led to the seizure of drugs, and the arrest of multiple narcotics traffickers. CW1 was initially providing information for purposes of judicial leniency for a pending felony drug charge, however CW1 is currently cooperating for financial consideration.

## DETAILS OF THE INVESTIGATION

9. On December 12, 2018, at approximately 12:20 p.m., members of DEA Task Force Group 51 (TFG-51) and Philadelphia District Attorney's Office Dangerous Drug Offenders Unit (DDOU) received information regarding "Figora," who investigators identified as Elias ADAMES, hereafter ADAMES, a suspected heroin trafficker. CW1 informed investigators that in recent conversation ADAMES detailed plans to transport narcotics in the coming days.

10. On December 13, 2018, at approximately 3:20 p.m., CW1 contacted SA Crockett and TFO Bates and informed them that CW1 believed ADAMES may receive drugs that day.

11. At approximately 5:12 p.m., CW1 provided SA Crockett the address of 6438 Rising Sun Avenue, Philadelphia, PA, as the location ADAMES would be located in possession of the drugs. CW1 further stated ADAMES would be driving in a white Jeep. Based on training, experience and knowledge of the investigation, SA Crockett believed the address to be a possible meet location for ADAMES and his source of supply (SOS). Agents/Officers then established surveillance in the area of 6438 Rising Sun Avenue, Philadelphia, PA.

12. At approximately 5:48 p.m., DDOU Police Officer (PO) Peter Dailey observed a white Jeep, which matched the provided description, parked on the street in the vicinity of 6438

Rising Sun Avenue. PO Dailey observed two, at that time, unidentified males (PERSON 1 and PERSON 2) seated in the Jeep, as it appeared to be running. PERSON 1, was the driver, and PERSON 2 was seated in the Jeep's front passenger seat.

13. At approximately 5:54 p.m., PO Dailey observed, PERSON 2 (later identified as ADAMES) exit the front passenger seat of PERSON 1's vehicle. PO Dailey observed ADAMES walk southbound on Rising Sun Avenue. PO Dailey observed ADAMES stop near the intersection of Rising Sun Avenue & Robbins Street with a cellphone at his ear. PO Dailey observed ADAMES walk northbound on Rising Sun Avenue out of his line of sight.

14. At approximately 6:04 p.m., SA Crockett observed PERSON 1, who was the only occupant of the white Jeep, make an eastbound turn onto the 500 block Levick Street and stop. SA Crockett observed ADAMES, walk from the direction of Palmetto Street with a weighted blue book bag on his left shoulder. SA Crockett and TFO Bates observed ADAMES reach for the front passenger door handle of the vehicle. TFO Bates observed ADAMES enter the vehicle's front passenger seat with the weighted blue book bag. Immediately after ADAMES entered the vehicle, TFO Bates observed the vehicle drive eastbound and stop shortly thereafter.

15. At approximately 6:09 p.m., TFO Bates observed PERSON 1 exit the Jeep and walk to the rear of the vehicle. TFO Bates then observed PERSON 1 walk from the back of the Jeep to the driver's side rear passenger door. TFO Bates observed PERSON 1 open the door and reach into the interior of the vehicle. TFO Bates observed PERSON 1 close the door, and re-enter the driver's side door. TFO Bates observed the vehicle with both PERSON 1 and ADAMES inside depart the area eastbound on Levick Street.

16. At approximately 6:13 p.m., SA Crockett confirmed with CW1, the bag ADAMES was carrying contained drugs.

17. At approximately 6:20 p.m., TFO Bates conducted a traffic stop (using red and blue lights and siren) of the vehicle at the intersection of Levick Street & Trotter Street. Upon approach, SA Crockett and TFO Bates requested identification for both occupants. SA Crockett and TFO Bates then separated PERSON 1 and ADAMES. When asked, ADAMES informed TFO Bates that his friend, PERSON 1, picked him up and was driving ADAMES to pick up his children. SA Crockett, as witnessed by DDOU Sergeant (Sgt.) John Volz, received verbal consent from PERSON 1 to conduct a search of the vehicle. Shortly thereafter, Philadelphia Police Officers Pat Saba and Timothy Hegarty arrived at the site of the traffic stop. SA Crockett, Sgt. Volz, and POs Saba and Hagerty then began a search of the vehicle.

18. At approximately 6:30 p.m., Sgt. Volz recovered a blue book bag from underneath a hatch in the rear storage area of the Jeep. This was the same book bag SA Crockett observed ADAMES carrying earlier. Sgt. Volz then placed the bag onto the Jeep's backseat. Upon opening the bag, SA Crockett and POs Saba and Hagerty recognized multiple brick shaped objects within the bag. Based on training, experience, knowledge of the case, investigators believed the bag to contain narcotics. In an abundance of caution, as one of the bags appeared to be open, SA Crockett secured the bag to be transported to the DEA Philadelphia Field Division (PFD) for further analysis. At that time, PERSON 1 and ADAMES were placed into custody and subsequently transported to the DEA PFD for questioning.

19. At 6:49 p.m., the suspected narcotics, were transported to the DEA PFD by SA Crockett, as witnessed by POs Saba and Hagerty. TFO Bates and POs Saba and Hagerty transported PERSON 1 and ADAMES.

20. At approximately 7:15 p.m., investigators arrived at the DEA PFD with the suspected narcotics, PERSON 1 and ADAMES.

21. At approximately 7:25 p.m., ADAMES read a DEA 13b (Spanish version), Advice of Rights, as witnessed by SA Crockett and Group Supervisor (GS) Josh Romig. ADAMES was subsequently processed and placed into a holding cell.

22. At approximately 7:40 p.m., a field test on the contents of the book bag was conducted by GS Romig. A random sample of four (4) packages revealed a positive response for the presence of cocaine, and one (1) package revealed a positive response for the presence of heroin.

23. At approximately 8:45 p.m., ADAMES signed a DEA 13b (Spanish Version) Advice of Rights in the presence of SA Crockett and TFO Bates. ADAMES subsequently made a Post-Miranda statement which was translated by DEA IA Paula Martinez, who was contacted via phone by SA Crockett and TFO Bates. In his statement, ADAMES stated on December 13, 2018, he contacted his friend JOSE LNU, hereafter JOSE, to give him a ride to pick up ADAMES' kids. ADAMES stated he was contacted by his cousin ALGENI LNU, hereafter ALGENI. ADAMES informed IA Martinez, ALGENI asked ADAMES to pick up a package from 6838 Rising Sun Avenue, and deliver it to ALGENI's friend, LANTIGUA who worked at tire shop located at 3810 Frankford Avenue. ADAMES identified the tire shop through Google Maps on SA Crockett's phone. ADAMES stated upon arriving at 6838 Rising Sun Avenue, ALGENI walked to the Jeep, Jose and ADAMES arrived in. ADAMES stated at that time, JOSE exited the vehicle and opened the rear hatch of the Jeep and ALGENI threw the bag in the back. ADAMES stated at that time both he and JOSE departed the area via Levick Street and were stopped shortly thereafter by law enforcement. ADAMES stated neither he nor JOSE were aware of the contents of the bag. ADAMES further stated he was going to be paid for gas by ALGENI for the trip.

## CONCLUSION

Wherefore, based on my training and experience, and my knowledge of the investigation, I have probable cause to believe, and do so believe, that Elias ADAMES possessed with intent to distribute five kilograms or more of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, and more than 100 grams of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), (b)(1)(A) and (b)(1)(B), respectively.

Special Agent James Crockett
Drug Enforcement Administration

Sworn to and subscribed before me this
___14th___ day of December, 2018

Honorable Richard A. Lloret
United States Magistrate Judge